IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Petitioner,<br><br>v.<br><br>LANCE ARMSTRONG,<br><br>         Respondent. | Case No.: 1:11-mc-00565 DAR<br><br>**UNDER SEAL**<br><br>Assigned to: Hon. Deborah A. Robinson<br>Assignment Date: October 17, 2011<br>Description: Miscellaneous |

**SECOND DECLARATION OF JOHN W. KEKER IN SUPPORT OF RESPONDENT LANCE ARMSTRONG'S OPPOSITION TO PETITION FOR SUMMARY ENFORCEMENT OF INSPECTOR GENERAL SUBPOENA AND MOTION TO QUASH**

586454.02

I, JOHN W. KEKER, declare and state that:

1. I am an attorney licensed to practice law in the State of California and am a partner of the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for respondent Lance Armstrong in the above-captioned action. I am duly admitted to practice law before this Court. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2. Mr. Armstrong is currently the target of a Department of Justice criminal investigation. The DOJ's investigation relates to the cycling team sponsored by the United States Postal Service ("USPS") for which Mr. Armstrong worked and the alleged use of substances or methods banned by professional cycling organizations by members of the USPS team. The investigation is being led by the United States Attorney's Office for the Central District of California.

3. On September 3, 2010, *The New York Times* reported that Floyd Landis had filed a federal *qui tam* lawsuit against Armstrong and the United States Postal Service team. The article summarized the allegations made in the complaint, citing "two people briefed on the matter" who did not want their names published "because the suit was still under seal." Attached hereto as Exhibit 1 is a true and correct copy of "Landis Said to File Suit Against Cycling Team" published in *The New York Times*.

4. Following the "60 Minutes" episode on June 16, 2011, *see* First Decl., ¶ 19, I wrote to United States Attorney Birotte to express "grave concerns about the repeated and obvious violations of grand jury secrecy ... which are obviously calculated to irreparably damage Mr. Armstrong's reputation, notwithstanding their illegality." Mr. Armstrong demanded that the government "take immediate action to stop this illegal conduct from continuing, and to punish the person(s) responsible." Attached hereto as Exhibit 2 is a true and correct copy of my letter to United States Attorney Birotte, dated June 16, 2011.

5.      The government took no voluntary steps to address the pattern of illegal leaks to the media detailed above. The United States Attorney spoke by telephone to counsel for Armstrong in late June 2011 and met with counsel in Los Angeles to discus the ongoing leaks on July 8, 2011, but neither the United States Attorney's Office nor any other government official took voluntary steps to investigate or prevent the continued leaks.[1]

6.      Armstrong filed a motion on July 13, 2011, entitled *Notice of Violations of Rules 6E of the Federal Rules of Criminal Procedure; Request for Order to Show Cause Regarding Contempt* in the Central District of California. Before the case was ordered by Judge Jacqueline H. Nguyen to be placed under seal, the motion was reported in various publications. Attached hereto as Exhibit 3 are true and correct copies of articles titled "Armstrong Lawyers Say Grand Jury Testimony Leaked" (*Wall Street Journal*) and "Armstrong's Lawyers Allege Leaks in Investigation" (*The New York Times*), both dated July 18, 2011.

7.      As Mr. Armstrong's counsel, I explicitly told the government's counsel during a July 19, 2011, telephone call, that if forced to, Mr. Armstrong will assert his Fifth Amendment rights with regard to any subpoena to him while the criminal investigation is pending.

8.      Judge Jacqueline H. Nguyen issued a sealed order requiring that something happen on October 11, 2011. I do not feel I can describe here anything further, since that docket remains under seal.

9.      The documents sought by the Government's subpoena to Mr. Armstrong are nearly identical to the documents the government subpoenaed, nearly a year ago, from Capital Sports Entertainment and Thomas Weisel—operators of the Tailwind racing team. Indeed, on information and belief, the government has most if not all of the documents it seeks from Mr. Armstrong, having received them from CSE and Mr. Weisel.

---

[1] By Court order, Mr. Armstrong is not permitted to disclose the additional steps he took to compel an investigation of the ongoing grand jury leaks.

10. Attached hereto as Exhibit 4 is a true and correct copy of the June 10, 2011 Subpoena Duces Tecum 110576 issued by the U.S. Postal Service Office of Inspector General to Lance E. Armstrong.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 27, 2011, at San Francisco, California.

_____
JOHN W. KEKER