**FILED**

UNITED STATES DISTRICT COURT

**OCT 1 1 2012**

FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. 1:11-MC-00565 (DAR) |
| Petitioner, | **UNDER SEAL** |
| v. | Assigned to:   Hon. Deborah A. Robinson |
| LANCE ARMSTRONG, | Assignment Date:   October 17, 2011 |
| Respondent. | Description:   Miscellaneous |

---

**DECLARATION OF BROOK DOOLEY IN SUPPORT OF RESPONDENT
LANCE ARMSTRONG'S REPLY IN SUPPORT OF MOTION TO SEAL**

---

I, BROOK DOOLEY, declare and state that:

1.      I am an attorney licensed to practice law in the State of California and am a partner of the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for respondent Lance Armstrong in the above-captioned action. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2.      Attached is a true and correct copy of an email from Mercedeh Momeni to Elliot Peters and Brook Dooley dated October 4, 2012, attaching the following documents:

        a.      United States Reply to Respondent Lance Armstrong's Response to the United States' Motion to File Under Temporary Seal; and

        b.      Reply to Respondent Lance Armstrong's Response to the United States' Petition for Enforcement and Response to Respondent's Motion to Quash.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 10, 2012, at San Francisco, California.

By: _____
        BROOK DOOLEY

# EXHIBIT A

## Brook Dooley

| | |
|---|---|
| **From:** | Momeni, Mercedeh (USADC) <Mercedeh.Momeni@usdoj.gov> |
| **Sent:** | Thursday, October 04, 2012 2:12 PM |
| **To:** | Elliot Peters; Brook Dooley |
| **Cc:** | Chandler, Robert (CIV); Valdez, Darrell (USADC) |
| **Subject:** | Armstrong |
| **Attachments:** | _1004170806_001.pdf |

Gents:

The attached was sent to your former address, while I was out of the office on September 10th.  Sorry for any inconvenience.  We will make sure to update our service list to reflect the proper address, which I understand to be 633 Battery St., San Francisco 94111.

Best,
Merce

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br><br>Petitioner,  )<br><br>v.  )<br><br>LANCE ARMSTRONG  )<br><br>Respondent.  )<br> ) | Misc. No.  11mc0565 (JEB/DAR)<br><br>**UNDER SEAL** |

### UNITED STATES' REPLY TO
### RESPONDENT LANCE ARMSTRONG'S RESPONSE TO
### THE UNITED STATES' MOTION TO FILE UNDER TEMPORARY SEAL

On October 13, 2011, the United States filed its Petition to enforce a subpoena against Lance E. Armstrong. ECF No. 1. At the same time, the Government filed a separate motion requesting that its petition for enforcement be filed under temporary seal so that Mr. Armstrong would have the opportunity to request that the petition for enforcement and related filings be maintained under seal. ECF No. 2. The Court granted the Government's motion and placed the enforcement proceedings under temporary seal. In his response to the Government's motion and in a separate motion, each filed on October 17, 2011, Mr. Armstrong requested that the Court place the enforcement action, and all pleadings, orders, and other documents filed in this action, permanently under seal. ECF Nos. 7 and 8. Since that time, the parties sought and received several extension of time while they negotiated the terms of an appropriate protective order and while Mr. Armstrong produced documents relevant to the subpoena. On August 27, 2012, Mr. Armstrong, through counsel, certified to the United States Postal Service (USPS) Office of Inspector General (OIG) that he had complied with the terms of the subpoena. Simultaneously with the filing of this reply brief, the United States informed the Court in a separate filing that a decision on its enforcement petition is no longer necessary.

The issue as to whether these proceedings should remain under seal is still before this Court, however, and the United States respectfully submits this reply in opposition to

Mr. Armstrong's request to keep this matter under seal. As explained below, there exists a strong presumption of public access to court proceedings, and Mr. Armstrong has failed to overcome this presumption. Thus, the Government's enforcement petition and related filings should be made available to the public. Similarly, Mr. Armstrong's motion seeking a permanent seal and all related filings should be made publicly available, or, at the very least, entries for these filings should be made on the public docket so that interested members of the public may receive notice of Mr. Armstrong's request to seal this matter.

## DISCUSSION

## I.   THE ENFORCEMENT PROCEEDINGS SHOULD BE UNSEALED

This enforcement action, and all pleadings, orders, and other documents filed in this action, should be made available to the public. As explained in the Government's motion to seal this matter temporarily, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). The public's right of access flows from both the First Amendment and the common law. *Id.; Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991). Although district courts have broad discretion to weigh the need for secrecy against the public's right of access, "the starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *E.E.O.C. v. National Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996), *quoting Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir.1991). The presumption is even stronger in cases where, as here, the government is a party. *E.E.O.C.*, 98 F.3d at 1410, *citing Federal Trade Comm'n v. Standard Fin. Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("The appropriateness of making court files accessible is accentuated in cases where the government is a party.").

Mr. Armstrong cites three reasons why he believes the presumption of public disclosure has been overcome in this case. First, he states that the Court should seal this matter pursuant to Federal Rule of Criminal Procedure 6(e) "because it relates directly to an ongoing grand jury

investigation into Mr. Armstrong[.]" Resp. Seal Br. 1, 2. Mr. Armstrong simply is wrong. Neither the USPS-OIG subpoena or the Government's enforcement petition were made in connection with any grand jury proceeding, and certainly neither of them constitute "matters occurring before the grand jury" as required by Rule 6(e). Moreover, we note that after Mr. Armstrong filed his response, the United States Attorney's Office for the Central District of California closed its investigation of Mr. Armstrong. Mr. Armstrong vaguely suggests that the unsealing of this matter might disclose evidence presented to a grand jury, but he fails entirely to identify any statements in the pleadings that would disclose such evidence. In fact, the Government's enforcement petition makes no reference to any grand jury. Mr. Armstrong's response brief contains only two references that might arguably relate to a grand jury proceeding: (i) he discloses the proceedings before Judge Nguyen on Mr. Armstrong's motion seeking an investigation of supposed grand jury leaks, Enf. Pet. Resp. Br. 2, 3; and (ii) he refers to "evidence gathered by the government in connection with its grand jury."[1] *Id.* at 5. Mr. Armstrong initiated the proceedings before Judge Nguyen in a publicly filed document, however, and, as Mr. Armstrong notes, the existence of those proceedings was "reported in various publications ... before being placed under seal by [Judge Nguyen]." Enf. Pet. Resp. Br. 2. More importantly, it appears Mr. Armstrong took great care, as he should have, not to disclose in his response brief information that was under seal in connection with those proceedings. *See* Enf. Pet. Resp. Br. at 3. Indeed, the Government has no knowledge of Mr. Armstrong having obtained relief from the seal in that matter, so his response brief must necessarily have omitted any information that was subject to Judge Nguyen's seal order. As for the language cited in (ii) above, it plainly does not reveal any matters occurring before the grand jury. In any event, the references in both (i) and (ii) above can each be redacted if the Court has any concern about whether that information should be publicly available.

---

[1] We note that the declaration provided by Mr. Armstrong's counsel, John Keker, in support of Mr. Armstrong's motion to quash the Government's enforcement petition contains a number of references to grand jury proceedings, but that declaration merely identifies and summarizes various media accounts.

Second, Mr. Armstrong states that the Court should seal this action "to preserve the secrecy of the pending *qui tam* action against Mr. Armstrong." Resp. Seal Br. 2. The Government cannot confirm the existence of any sealed *qui tam* matter naming Mr. Armstrong as a defendant. Even if a sealed *qui tam* action were to exist, however, preservation of the seal would not require sealing of the enforcement action. The only issue in the enforcement action is whether Mr. Armstrong should be required to comply with a validly issued Inspector General subpoena. The Government's enforcement petition makes no reference to any *qui tam* action, and Mr. Armstrong's response brief contains only a fleeting reference to a *qui tam* that easily can be redacted. Resp. Seal Br. 1. If the Court concludes that preservation of a *qui tam* seal requires maintenance of the seal in this matter, then the Government respectfully requests that the Court's order provide for the lifting of the seal in this matter automatically upon the unsealing of any such related *qui tam* matter.

Third, Mr. Armstrong contends that sealing the enforcement action is appropriate based on application of the factors set forth in *Hubbard*. It is important to note, however, that the starting point in the *Hubbard* analysis is the strong presumption in favor of public access to judicial proceedings, and application of the *Hubbard* factors must demonstrate a compelling need for non-disclosure in order to overcome that presumption. We address the applicability of each of the *Hubbard* factors below.

**Need for public access** - Contrary to Mr. Armstrong's suggestion, the *Hubbard* court did not purport to require a showing of need before public access to particular records should be allowed; rather, the court identified a limited circumstance where public disclosure was not necessary in order to fulfill the purposes public access is designed to serve. *Hubbard*, 650 F.2d at 316. Specifically, the court held that sealing was appropriate where the request to seal "related only to documents whose contents were not specifically referred to or examined upon [sic] during the course of those proceedings and whose only relevance to the proceedings derived from defendant's contention that many of them were not relevant to the proceedings[.]" *Id.* Importantly, the court drew a sharp distinction between such a limited request to seal and a

request to seal judicial proceedings in their entirety, to which the public presumptively has a right of access. *Id.* at 316, 317. Here, by contrast, Mr. Armstrong seeks to seal these proceedings in their entirety, including "all pleadings, orders, and other documents filed in this action[.]" Resp. Br. 5.

**Prior Public Access** - Mr. Armstrong correctly states that the public has not had prior access to the particular documents that would be subject to disclosure if his motion is denied. This factor carries limited weight, however, as the *Hubbard* court noted: "[d]etermining whether, when and under what conditions the public has already had access to court records in a given case cannot of course guide decision concerning whether, when and under what conditions the public should have access as an original matter." *Id.* at 318. Rather, the lack of prior public access to the particular records may only counsel in favor of more liberal access where disclosure already has been made.

**Identity of Movant** - The *Hubbard* court found that where a *third party* objects to disclosure in order to protect its own privacy and property rights, the public's interest is diminished and non-disclosure might be more appropriate. *Id.* at 319. Mr. Armstrong, quite obviously, is not a third party to these enforcement proceedings.

**Privacy Interest** - Mr. Armstrong states that he "has a strong privacy interest in sealing the records in this action" because the record contains references to the grand jury investigation, the DOJ Civil Division investigation, and the USPS investigation. This plainly is not the type of "privacy interest" the *Hubbard* court considered. Rather, the *Hubbard* court considered whether the Government had circumvented the appellants' Constitutionally-protected property and privacy interests in order to obtain the documents in question. Again, such a circumstance is not alleged to exist here.[2]

**Prejudice** - Mr. Armstrong states that if this matter is not sealed he will be prejudiced in

---

[2]   In any event, as Mr. Armstrong points out, the existence of those investigations has been the subject of countless media reports. Even if Mr. Armstrong had articulated a privacy interest sufficient to warrant sealing, it has been diminished by prior public disclosure.

that his reputation will suffer. The sealing of judicial records is not appropriate, however, if it is done merely to protect parties from embarrassment. *Smith*, 956 F.2d 647, 650 .; *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Mr. Armstrong also expresses concern that disclosure of his potential invocation of the Fifth Amendment "will generate further interest in prosecuting Mr. Armstrong at the very time the Department of Justice is deciding whether to file charges against him." As stated previously, however, the grand jury investigation has been closed without returning any indictments.

**Limited Purpose** - Contrary to Mr. Armstrong's suggestion, the records he seeks to seal were not submitted for a "limited purpose" in the context of these proceedings. Rather, Mr. Armstrong seeks to seal the proceedings in their entirety.

## II.  THE MOTIONS TO SEAL SHOULD BE PLACED ON THE PUBLIC DOCKET

For the same reasons identified in Section I, the parties papers regarding whether the enforcement action should be under seal need not themselves be filed under seal - the documents do not disclose matters before any grand jury, a seal is not necessary to maintain the seal in any *qui tam* matter, Mr. Armstrong has not satisfied the *Hubbard* factors, and, in any event, any information that cannot be made public easily can be redacted. If the court is inclined to seal the parties' briefs regarding the seal, however, the Court should require that an entry be made on the public docket reflecting the fact that Mr. Armstrong has moved to seal an enforcement proceeding initiated by the Government so that the public receives notice of the seal proceedings and an opportunity to be heard. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C.Cir.1991) (holding that motions to seal plea agreements, for which there is a First Amendment right of access, must be publicly docketed, and interested persons must be given an opportunity to be heard). *See also United States v. Valenti*, 987 F.2d 708, 715 (11th Cir.1993) (finding a public docket was necessary to protect the public's and the media's constitutional rights of access to criminal proceedings); *In re State-Record Co.*, 917 F.2d 124, 128-29 (4th Cir.1990) (requiring public docketing of a criminal proceeding because of the constitutional right of access); *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1377 (8th Cir.1990)

(ordering court to produce a redacted public docket of a sealed case to protect at least a common law right of access); *Stone v. University of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir.1988) (requiring district court to maintain a public docket where parties have at least a common law right of access to proceedings); *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475-76 (6th Cir.1983) (admonishing district court to publicly docket motions to seal proceedings where there is at least a common law right of access).

## CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court unseal this enforcement action, and all pleadings, orders, and other documents filed in this action.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #447889
Assistant United States Attorney

DARRELL C. VALDEZ, D.C. Bar # 420232
MERCEDEH MOMENI
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

MICHAEL D. GRANSTON
ROBERT E. CHANDLER, D.C. Bar No. # 477640
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-4678
Fax: (202) 514-0280

DATED: September 10, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September 2012, I caused to be placed in the United States mail, postage prepaid first class, a true and correct copy of the foregoing Reply to Respondent's Response to the United States' Motion to File Under Temporary Seal. The Reply has been sent to:

John W. Keker
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

Bryan D. Daly
333 South Hope Street
43rd Floor
Los Angeles, CA 90071-1422

DARRELL C. VALDEZ
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Misc. No. 11mc0565 (JEB/DAR) |
| | ) | |
| LANCE E. ARMSTRONG, | ) | |
| | ) | **UNDER SEAL** |
| Respondent. | ) | |
| | ) | |

**REPLY TO RESPONDENT LANCE ARMSTRONG'S
RESPONSE TO THE UNITED STATES' PETITION FOR
ENFORCEMENT AND RESPONSE TO RESPONDENT'S MOTION TO QUASH**

On October 13, 2011, the United States filed its Petition to enforce a subpoena against

Lance E. Armstrong. ECF No. 1. Since that time, the parties sought and received several

extension of time pending the development of a related criminal matter and, after the criminal

matter was closed, while they negotiated the terms of an appropriate protective order. Mr.

Armstrong has now produced documents responsive to the subpoena, and on August 27, 2012,

Mr. Armstrong, through counsel, certified to the United States Postal Service Office of Inspector

General that he complied with the terms of the subpoena. Thus, at this time, it appears that Court

involvement in this matter no longer is necessary, and the Government therefore respectfully

withdraws its enforcement petition.[1]

---

[1] The issue as to whether these proceedings should remain under seal is still before this Court, however, and the United States is respectfully submitting a separate Reply in opposition to Mr. Armstrong's request to keep this matter under seal.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #447889
Assistant United States Attorney

DARRELL C. VALDEZ, D.C. Bar # 420232
MERCEDEH MOMENI
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843


MICHAEL D. GRANSTON
ROBERT E. CHANDLER, D.C. Bar No. # 477640
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, DC  20044
Tel:  (202) 514-4678
Fax:  (202) 514-0280

DATED: September 10, 2012

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September 2012, I caused to be placed in the

United States mail, postage prepaid first class, a true and correct copy of the foregoing Reply to

Respondent's Response to the United States' Petition for Enforcement and Response to

Respondent's Motion to Quash.  The Reply has been sent to:


John W. Keker
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

Bryan D. Daly
333 South Hope Street
43rd Floor
Los Angeles, CA 90071-1422


DARRELL C. VALDEZ
Assistant United States Attorney

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Declaration of Brook Dooley in Support of Respondent Lance Armstrong's Reply in Support of Motion to Seal was served by courier, by placing a true and correct copy in a sealed envelope addressed as shown below, and dispatching a messenger with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

> Tony West
> Assistant Attorney General
> Ronald C. Machen Jr.
> Rudolph Contreras
> Darrell C. Valdez
> Mercedeh Momeni
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th St., N.W., Civil Division
> Washington, D.C.  20530
> Tel:  (202)307-2843

I also hereby certify that a copy of the foregoing document was served by e-mail via pdf file, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

> Darrell C. Valdez
> Darrell.Valdez@usdoj.gov
>
> Mercedeh Momeni
> Mercedeh.Momeni@usdoj.gov
>
> Robert E. Chandler
> Robert.Chandler@usdoj.gov

Date:  October 11, 2012

Benjamin D. Wood