UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Petitioner,<br><br>  v.<br><br>LANCE ARMSTRONG,<br><br>  Respondent. | Miscellaneous No. 11-565<br>DAR |

**MEMORANDUM ORDER**

Respondent Lance Armstrong's Notice of Motion and Motion to Seal (Document No. 8) is pending for determination by this court. This court's consideration of the motion has included review of the parties' written submissions, Document Nos. 8, 9, 32, 34; the proffers and arguments of counsel at a hearing on November 20, 2012, *see* 11/20/2012 Minute Entry; and review of the redactions from the record proposed by Respondent, through his counsel, in accordance with this court's order, *see* 11/20/2012 Minute Order. Upon consideration of this record in the context of the applicable authorities, Respondent's Motion to Seal will be denied.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (citations omitted). Thus, "the starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citation omitted).

United States v. Armstrong                                                                                                                          2

This Circuit set forth six factors "that might act to overcome this presumption" in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). *EEOC*, 98 F.3d at 1409. These factors include: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.*

Respondent proposed three categories of redactions:

(1) references to "[Respondent's] possible assertion of his Fifth Amendment rights in response to the Government's subpoena[]";

(2) references to "the pending False Claims Act case and/or the Government's investigation in connection therewith[,]" and

(3) references to "the grand jury investigation of [Respondent] and related matters."

This court has reviewed both the log prepared by Respondent's counsel, in which the proposed redactions are identified, as well as the corresponding entries in the record of this action, and makes the following findings:

(1) <u>Fifth Amendment</u>. No authority supports the proposition that a reference in a record of a case to the "possible assertion" by an individual of his or her Fifth Amendment rights is a reference which a court appropriately may redact from the public record. The sole authority which Respondent cites for that proposition, *see United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), is not applicable. In *Hubbard*, a panel of the District of Columbia Circuit reviewed the order of the District Court which provided for the unsealing of "public papers seized from a

third party nondefendant," introduced at a hearing on a motion to suppress, "for the purpose of showing that the search and seizure were unlawful." *Id.* at 295.  The Circuit did not, as Respondent suggests, order that the records at issue be sealed.  Rather, the Circuit noted that "the possibility of prejudice to the defendants by sensational disclosure is a factor which may weigh in favor of denying immediate public access[,]" but found that "the weight of this factor cannot be determined" until "a number of factors, including, most importantly, the nature of the materials disclosed," were considered by the District Court.  *Id.* at 320-21.  Accordingly, the Circuit remanded the case to the District Court for findings with respect to the enumerated factors.

Only after the District Court made such findings did the Circuit find that the materials at issue should remain sealed.  *See Hubbard*, 650 F.2d at 332-33 ("Opinion after Remand").  By contrast, in the instant miscellaneous action, the undersigned finds that Respondent has failed to identify any factors "which may weigh in favor of denying immediate public access."

(2) <u>False Claims Act</u>.  No authority supports the proposition that a reference to circumstances which may, or may not, occasion a False Claims Act cause of action is a reference which a court appropriately may redact from a public record.  The False Claims Act provides that a complaint in an action brought by a private person shall be filed under seal, and remain under seal for at least 60 days, *see* 31 U.S.C. § 3730(b)(2); however, no portion of the Act provides for the sealing of references in the record of a miscellaneous action which could be construed as the subject of an action brought pursuant to the Act.

(3) <u>Grand Jury</u>.  Rule 6(e)(6) of the Federal Rules of Criminal Procedure provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to

United States v. Armstrong                                                                                                                    4

the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6); *see also* LCrR 6.1.  However, this court finds that the proposed redactions characterized as "Grand Jury" are not grand jury material, or even references to grand jury material.  *See In re Grand Jury Subpoena*, 438 F.3d 1138, 1140 (D.C. Cir. 2006) ("[W]e have recognized that grand jury secrecy covers "the identities of witnesses or jurors, the substance of testimony as well as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like."); *see also Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, No. 11-592, 2012 WL 2354353, at *7 (D.D.C. June 8, 2012) (citation omitted) ("[I]nformation can be withheld under Rule 6(e) if 'disclosure would tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities or addresses of witnesses or jurors, the substance of testimony, or the strategy or direction of the investigation.'").  Accordingly, this court has no basis upon which to redact from the public record the references characterized by Respondent as "matters before a grand jury[.]"

**CONCLUSION**

For all of the foregoing reasons, it is, this 6th day of December, 2012,

**ORDERED** that Respondent's Motion to Seal (Document No. 8) is **DENIED**; and it is

**FURTHER ORDERED** that the Clerk of the Court shall unseal this matter, and all documents filed under seal, to date, shall now be made public.

/s/
DEBORAH. A. ROBINSON
United States Magistrate Judge